IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Timothy Tangen, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:21-cv-00335-BHH |
| | ) | |
| vs. | ) | **RESPONSES OF DEFENDANT** |
| | ) | **ALLIANCE PROJECT SERVICES, INC.** |
| Fluor Intercontinental, Inc.; Fluor | ) | **TO LOCAL RULE 26.01** |
| Government Group International, Inc.; | ) | **INTERROGATORIES** |
| and Alliance Project Services, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendant Alliance Project Services, Inc. ("APS") hereby responds to the Court's Local Rule 26.01 Interrogatories as follows:

(A)    State the full name, address, and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.

**RESPONSE:  APS agrees with Plaintiff and the Fluor Defendants that the following may have a subrogation interest in this matter:**

> **The United States Department of Defense**
> **The United States Army**
> **1400 Defense Pentagon**
> **Washington, D.C.  20301-1400**
> **(703) 571-3343**
>
> **The United States Department of Veterans Affairs**
> **810 Vermont Avenue, NW**
> **Washington, D.C.  20420**
> **(800) 827-1000**

**APS is not presently aware of other persons or entities who may have a subrogation interest, but reserves the right to supplement this response as appropriate.**

(B)     As to each claim, state whether it should be tried jury or nonjury and why.

**RESPONSE:  Because this Court lacks subject matter jurisdiction and further does not have personal jurisdiction over APS, for the reasons set forth in APS's anticipated Motion to Dismiss, this case should not be tried.  Further, APS concurs with and joins the Fluor Defendants' analysis as set forth in their Responses to Local Rule 26.01 Interrogatories (Dkt. 10), that "Plaintiff's claims may be barred, in whole or in part, because the United States may ultimately be liable for any damages assessed against APS and, as such, this suit would be deemed an action against the government in its sovereign capacity, and Plaintiff would not be entitled to a jury trial.  *See Land v. Dollar*, 330 U.S. 731 (1947); *Trevino v. Gen. Dynamics Corp.*, Civ. No. B-83-573-CA, Order at \*2 (E.D. Tex. Sept. 20, 1985)."  APS reserves the right to supplement this response as appropriate.**

(C)     State whether the party submitting these responses is a publicly-owned company and separately identify: (1) any parent corporation and any publicly-held corporation owning ten percent (10%) or more of the party's stock; (2) each publicly-owned company of which it is a parent; and (3) each publicly-owned company in which the party owns ten percent (10%) or more of the outstanding shares.

**RESPONSE:  Defendant Alliance Project Services, Inc. is not a publicly-owned company and is not a parent company of any publicly-owned company. Further, no parent corporation or publicly-held corporation owns ten percent (10%) or more of APS and, likewise, APS does not own ten percent (10%) or more of any publicly-owned company.**

(D)     State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division). *See* Local Civ. Rule 3.01 (D.S.C.).

**RESPONSE:  APS contends the Court lacks subject matter jurisdiction over this matter and further does not have personal jurisdiction over APS, for the reasons set forth in APS's anticipated Motion to Dismiss, and therefore APS challenges the jurisdiction and venue of this Court.**

(E)     Is this action related in whole or in part to any other matter filed in this district, whether civil or criminal?  If so, provide:  (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases that *may be* related regardless of whether they are still pending. Whether cases *are* related such that they should be assigned to a single judge will be determined by the clerk of court based on a determination of whether the cases arise from the same or identical transactions, happenings, or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

**RESPONSE:  Upon information and belief, this action is related to *Hencely v. Fluor Corporation, et al.*, C.A. No.: 6:19-cv-00489-BHH, which is currently pending in this division.  APS is not, however, a defendant in the *Hencely* case.**

(F)     If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

**RESPONSE:  Defendant Alliance Project Services, Inc. is properly identified.**

(G)     If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of their liability.

3

**RESPONSE:**   APS concurs with and joins the Fluor Defendants' analysis as set forth in their Responses to Local Rule 26.01 Interrogatories (Dkt. 10).  "The Military's acts and omissions, and/or the acts of Nayeb's Taliban co-conspirators, caused the Taliban suicide bombing attack. These actions were the sole proximate cause, or were an intervening, superseding, and/or new and independent cause, of the Taliban suicide bombing attack.

The Military's actions included, inter alia—(1) repeatedly granting Ahmed Nayeb access to BAF on a daily basis for five years despite the Military's exclusive knowledge that Nayeb had given "trained and coached" answers during a Military security screening interview just months prior to the attack, and failing to warn Fluor [and APS] of these extraordinary risks; (2) allowing Nayeb and/or his Taliban co-conspirators to smuggle deadly explosives through one or more BAF Entry Control Points, or to otherwise acquire such deadly explosives on a secure Military base; (3) failing to take action on intelligence reports received the day before the attack indicating an attack was imminent, and failing to warn Fluor [and APS] of this extraordinary risk; and (4) numerous other battlefield decisions, some of which are referenced in Fluor's Rule 12(b) Motion.  [Dkt. 14-1].  Absent the Military allowing Nayeb to bring explosives into BAF, there could have been no bombing."  Additionally, on information and belief, the Military authorized and directed the hiring of Nayeb notwithstanding the Military's knowledge of Nayeb's connections to the Taliban, which the Military did not disclose to APS.  Nayeb would not have been qualified for employment with APS if APS had been informed of Nayeb's connection to the Taliban.  During the five years of Nayeb's work at BAF, the Military repeatedly screened, investigated, and approved his continued base access after the Military's semi-annual,

**random, and counter-intelligence screenings and interviews—all of which only the Military could perform—and the Military never provided APS with any negative results or concerns as to Nayeb, despite the Military have concerns, including during a counterintelligence vetting process that occurred a few months before the bombing.**

**APS reserves the right to supplement this response as appropriate.**

Respectfully submitted,

FOX ROTHSCHILD LLP


s/Stephanie G. Flynn
Stephanie G. Flynn, Fed. Ct. ID 7461
Nicolas J. Cherry, Fed. Ct. ID 12856
2 W. Washington St., Ste. 1100
PO Box 87, Greenville, SC 29602
Phone:  864-751-7607
Fax:  864-751-7800
sgflynn@FoxRothschild.com
ncherry@FoxRothschild.com

- AND -

Kathy S. Kimmel (*pro hac vice to be filed*)
FOX ROTHSCHILD LLP
222 South Ninth Street, Suite 2000
Minneapolis, Minnesota 55402
Phone:  612-607-7306
Fax:  612-607-7100
kkimmel@foxrothschild.com

*Attorneys for Defendant*
*Alliance Project Services, Inc.*