# Exhibit A

## *Bednarek Deposition Excerpts*

Lt. John Michael "Mick" Bednarek                    April 20, 2021
Hencely, Winston Tyler v. Fluor Corporation Inc

Page 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

WINSTON TYLER HENCELY,

                    Plaintiff,
                                        CIVIL ACTION FILE

          vs.
                              NO. 6:19-CV-00489-BHH

FLUOR CORPORATION FLUOR
ENTERPRISES, INC., FLUOR
INTERCONTINENTAL, INC.,
FLUOR
GOVERNMENT GROUP
INTERNATIONAL, INC.,

                    Defendants.
~~~~~~~~~~~~~~~~~~~~~~~~~~~~


REMOTE VIDEO DEPOSITION OF

LIEUTENANT GENERAL RETIRED
JOHN MICHAEL "MICK" BEDNAREK



April 20, 2021
10:33 a.m.



20142 Palm Island Drive
Boca Raton, Florida




S. Julie Friedman, CCR-B-1476

Lt. John Michael "Mick" Bednarek                April 20, 2021
Hencely, Winston Tyler v. Fluor Corporation Inc

Page 2

APPEARANCES OF COUNSEL

On behalf of the Plaintiff:

BUTLER WOOTEN & PEAK LLP
JAMES E. BUTLER, JR., ESQ.
PO Box 2766
105 Thirteenth Street
Columbus, Georgia  31902-2766
706.322.1990
706.323.2962 Fax
jim@butlerwooten.com

BUTLER WOOTEN & PEAK LLP
ROBERT H. SNYDER, JR., ESQ.
DANIEL E. PHILYAW, ESQ.
2719 Buford Highway NE
Atlanta, Georgia  30324
404.321.1700
404.321.1713 Fax
rob@butlerwooten.com
dan@butlerwooten.com

AND

BOWEN PAINTER LLC
PAUL W. PAINTER, III, ESQ.
W. ANDREW BOWEN, ESQ.
3rd Floor
7302 Abercorn Street
Savannah, Georgia  31406
912.335.1909
912.335.3537 Fax
paul@bowenpainter.com
andrew@bowenpainter.com

AND

LAW OFFICE OF D. JOSEV BREWER
D. JOSEV BREWER, ESQ.
650 E. Washington Street
Greenville, South Carolina  29601
864.383.5250
contact@joebrewerlaw.com

Lt. John Michael "Mick" Bednarek    April 20, 2021
Hencely, Winston Tyler v. Fluor Corporation Inc

Page 3

                  APPEARANCES OF COUNSEL (CONTINUED)
On behalf of the Defendants:
        COVINGTON & BURLING LLP
        DAN RUSSELL, ESQ.
        RAYMOND B. BIAGINI, ESQ.
        One City Center
        850 10th Street, N.W.
        Washington, D.C. 20001
        202.662.5420
        drussell@cov.com
        rbiagini@cov.com
AND
        HARTLINE BARGER, LLP
        J. REID SIMPSON, ESQ.
        Suite 402
        1105 Wooded Acres Dr.
        Waco, Texas 76710
        361.866.8027
        361.866.8039 Fax
        rsimpson@hartlinebarger.com
AND
        NEXSEN PRUET
        ANDREW A. MATHIAS, ESQ.
        KONSTANTINE DIAMADUROS, ESQ.
        Suite 400
        55 E. Camperdown Way
        Greenville, South Carolina  29601
        864.282.1195 (AAM)
        864.477.2697 Fax (AAM)
        864.282.1173 (KPD)
        864.477.2617 (KPD)
        amathias@nexsenpruet.com
        kdiamaduros@nexsenpruet.com
On behalf of U.S. Department of the Army:
        General Litigation Branch
        U.S. Army Legal Services Agency
        Tarik J. Downie, MAJ, JA
        Litigation Attorney
        9275 Gunston Road
        Fort Belvoir, Virginia  22060
        571.723.1127
        tarik.j.downie.mil@mail.mil

Lt. John Michael "Mick" Bednarek                    April 20, 2021
Hencely, Winston Tyler v. Fluor Corporation Inc

Page 4

APPEARANCES OF COUNSEL (CONTINUED)

Also Present:

Sheri Fox

Beth Glen

Hiawatha Daugherty, Tech-Concierge

Bryan Robinson, Videographer

Lt. John Michael "Mick" Bednarek                    April 20, 2021
Hencely, Winston Tyler v. Fluor Corporation Inc

Page 43

MR. BUTLER:  -- my question.

MR. RUSSELL:  Mr. Butler, you don't get to choose when he's done answering.  He was in the middle of a sentence, and you interrupted him. Let the --

MR. BUTLER:  All right.

MR. RUSSELL:  -- witness answer.

MR. BUTLER:  Mr. Russell, when -- when your witness has finished his speech, you let me know; and I'll ask the next question.

THE WITNESS:  As I mentioned, sir, that sometimes investigators just make mistakes.  I have done many of these 15-6 investigations, some in a combat zone in my prior experiences.

Very short period of time where James had an opportunity to pull this -- pull a team together and -- and work through this very complex and detailed 15-6 investigation.

But in -- in my assessment, after reading the classified version of the document -- and, again, I will not get into any details of that pursuant to Major Downie's discussion; but in this case, the officials -- the investigating officer just got it wrong.

Q.    (By Mr. Butler)  Did you finish that

Veritext Legal Solutions
800.808.4958                                    770.343.9696

Page 54

the complaint.  However, I'm very familiar with that clause.  Yes.

Q.    And that statement from Mr. Hencely's lawsuit is entirely true, is it not?

A.    It is not.

Q.    Is it your testimony that the screening policy did not require Fluor escorts to remain in close proximity and remain in constant view of the individuals they're escorting?

Is that your testimony?

A.    The --  The military is exclusively responsible for screening, vetting, and securing the installation.  You know, that is -- and we'll talk here about -- 'cause you're specifically highlighting about escorts, which is part of the base escort -- base as -- access and escort policy, which is tangential in support of -- of base access, screening, security, and vetting, which, again, is a military function.

MR. BUTLER:  Move to strike as nonresponsive.

Q.    (By Mr. Butler)  Let me ask this question --

MAJOR DOWNIE:  Now this is Major Downie.

Q.    (By Mr. Butler)  -- for the record?

Lt. John Michael "Mick" Bednarek                    April 20, 2021
Hencely, Winston Tyler v. Fluor Corporation Inc

Page 70

version of this 15-6, of which this document that Mr. Carr wrote did not have access to -- to that information.

But I disagree.  There's nothing to support that finding.  There's no factual evidence in my view, my opinion.

And, again, as I mentioned, sir, earlier, that the -- the Army decides the amount of supervision, again, based on base access and escort policies.  I mentioned some of those prohibition earlier with prayers, meals, et cetera.

And Fluor or any contractor, for that matter, you know, follows that access policy and rules.

MR. BUTLER:  What number is it?

UNIDENTIFIED SPEAKER:  10-3.

MR. BUTLER:  Huh?

UNIDENTIFIED SPEAKER:  10-3.

MR. BUTLER:  10-23?

UNIDENTIFIED SPEAKER:  Uh-huh.  Correct.

THE WITNESS:  I'm sorry.  I didn't hear you.

MR. BUTLER:  I'm looking for something.  PX 10, is it --

MR. BOWER:  What number?

Lt. John Michael "Mick" Bednarek                    April 20, 2021
Hencely, Winston Tyler v. Fluor Corporation Inc

Page 97

contrary to the 15-6 -- or correction -- the
investigating officer's findings, as
I've highlighted --

Q.     (By Mr. Butler)  Okay.

A.     -- here, and I may --

Again, I know General James very, very
well, a highly decorated combat commander and senior
officer.

Again, he just got it wrong in this case;
and sometimes that happens; and investigators get it
wrong.  He's not a investigator; but a combat arms
officer; and in this particular situation, his
findings in the 15-6 were just incorrect.

MR. BUTLER:  Move to strike the latter
part as not responsive.

Q.     (By Mr. Butler)  General Bednarek, do you
agree with Fluor, who in a brief filed with Judge
Hendricks, claimed that Lieutenant General James was
not qualified to conduct this investigation?

A.     I --  I've never said that General James
is not qualified to do this --

Q.     Thank --

A.     -- investigation.

Q.     -- you, sir.  Thank you, sir.  But that
wasn't my question, but I'll take that as a -- a good

Lt. John Michael "Mick" Bednarek                    April 20, 2021

Hencely, Winston Tyler v. Fluor Corporation Inc

Page 115

like a dismount point.  There's a small -- like all of us would think of as a taxi stand or a bus stop, if you will, a small little overhead.

They are dismounted at that entry control point, dismount location; met by military escort; and then walked to the pedestrian turnstile, where they actually exit the installation so that, again, the bus or shuttle van, et cetera never goes off the installation.  It's to a dismount point where contracted employees, subcontractors, et cetera, local nationals are then met by a military escort and escorted off of the installation.  Over.

Q.     General, so am I correct then that the military has a role in that process at the dismount area?

A.     Yeah.  I mean, the military takes them and takes responsibility at that dismount point location very close to the entry control point, where they are then escorted single file, if you will, to that pedestrian turnstile for exit off of, in this case, Bagram Air Base or the installation.  Over.

MR. RUSSELL:  I've got no further questions for you, General.  Thank you.

THE WITNESS:  Thanks, Dan.

MR. BUTLER:  I'll follow up.