# Exhibit C

## *Weindruch Deposition Excerpts*

Page 1

              IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF SOUTH CAROLINA
                    GREENVILLE DIVISION

        WINSTON TYLER HENCELY,

                    Plaintiff,
                                        CIVIL ACTION FILE

                vs.

                                        NO. 6:19-CV-00489-BHH

        FLUOR CORPORATION FLUOR
        ENTERPRISES, INC., FLUOR
        INTERCONTINENTAL, INC.,
        FLUOR
        GOVERNMENT GROUP
        INTERNATIONAL, INC.,

                    Defendants.
        ~~~~~~~~~~~~~~~~~~~~~~~~~~~



                    REMOTE VIDEO DEPOSITION OF

                    LINDSAY ANN WEINDRUCH



                        April 22, 2021
                          11:32 a.m.



                    4605 East Bury Estates
                      Davenport, Iowa



                S. Julie Friedman, CCR-B-1476

Lindsay Ann Weindruch                                    April 21, 2021
Hencely, Winston Tyler v. Fluor Corporation Inc

Page 2

                    APPEARANCES OF COUNSEL
On behalf of the Plaintiff:
        BUTLER WOOTEN & PEAK LLP
        JAMES E. BUTLER, JR., ESQ.
        PO Box 2766
        105 Thirteenth Street
        Columbus, Georgia  31902-2766
        706.322.1990
        706.323.2962 Fax
        jim@butlerwooten.com

        BUTLER WOOTEN & PEAK LLP
        ROBERT H. SNYDER, JR., ESQ.
        DANIEL E. PHILYAW, ESQ.
        2719 Buford Highway NE
        Atlanta, Georgia  30324
        404.321.1700
        404.321.1713 Fax
        rob@butlerwooten.com
        dan@butlerwooten.com
AND
        BOWEN PAINTER LLC
        PAUL W. PAINTER, III, ESQ.
        W. ANDREW BOWEN, ESQ.
        3rd Fluor
        7302 Abercorn Street
        Savannah, Georgia  31406
        912.335.1909
        912.335.3537 Fax
        paul@bowenpainter.com
        andrew@bowenpainter.com
AND
        LAW OFFICE OF D. JOSEV BREWER
        D. JOSEV BREWER, ESQ.
        650 E. Washington Street
        Greenville, South Carolina  29601
        864.383.5250
        contact@joebrewerlaw.com

Page 3

          APPEARANCES OF COUNSEL (CONTINUED)

On behalf of the Defendants:

     COVINGTON & BURLING LLP
     DAN RUSSELL, ESQ.
     RAYMOND B. BIAGINI, ESQ.
     One City Center
     850 10th Street, N.W.
     Washington, D.C. 20001
     202.662.5420
     drussell@cov.com
     rbiagini@cov.com

AND

     NEXSEN PRUET
     ANDREW A. MATHIAS, ESQ.
     KONSTANTINE DIAMADUROS, ESQ.
     Suite 400
     55 E. Camperdown Way
     Greenville, South Carolina  29601
     864.282.1195 (AAM)
     864.477.2697 Fax (AAM)
     864.282.1173 (KPD)
     864.477.2617 (KPD)
     amathias@nexsenpruet.com
     kdiamaduros@nexsenpruet.com

On behalf of U.S. Department of the Army and the
   Deponent:
     General Litigation Branch
     U.S. Army Legal Services Agency
     Tarik J. Downie, MAJ, JA
     Litigation Attorney
     9275 Gunston Road
     Fort Belvoir, Virginia  22060
     571.723.1127
     tarik.j.downie.mil@mail.mil

Lindsay Ann Weindruch                                      April 21, 2021
Hencely, Winston Tyler v. Fluor Corporation Inc

Page 34

Q.    And you mentioned in your declaration in Paragraph 6 that Fluor submits a variety of deliverables to the -- to the Army on a daily and weekly basis; is that correct?

A.    Correct.

Q.    And then moving forward to Paragraph 7 of your declaration, you describe something called the Army's force protection screening cell at Bagram.

Can you explain to me what that is.  What is the Army's force protection screening cell at Bagram?

A.    So that is the office that's responsible to do the screening criteria, you know, that's been put in place by Bagram Airfield.

Q.    Do --

A.    So, you know, background checks, you know, if they have to do the biometric screening, et cetera, that would be done in that cell.

Q.    Your declaration states that the Army vetted and was responsible for deciding whether to approve the issuance of badges; is that correct?

A.    Yes.

Q.    And --  And, in other words, Fluor was not responsible for deciding whether to approve the issuance of badges, correct?

Page 35

A.    Correct.

Q.    You say that if the Army gave the approval, then Fluor would issue badges to the particular individual; is that correct?

A.    Yes.

Q.    In your declaration, Miss Weindruch, you -- you refer to Fluor's integration with the military.  Is this interaction in the Army's force protection screen cell whereby the Army vetted and decided to approve the issuance of badges and then gave direction to Fluor to issue the badges, is that an example of Fluor being integrated within the military's operations?

A.    Yes.

MR. RUSSELL:  Now I want to pause very briefly and -- and look at my notes.  I think we're very close to done; but if we could just go off the record for a minute.

THE VIDEOGRAPHER:  Off the record at 12:12.

(Recess from 12:12 p.m. to 12:16 p.m.)

THE VIDEOGRAPHER:  We're back on the record at 12:16.

MR. RUSSELL:  Miss Weindruch, I have a question for you.