# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Timothy Tangen, <br><br> Plaintiff, <br><br> v. <br><br> Fluor Intercontinental, Inc., et al., <br><br> Defendants. | C/A No.: 6:21-cv-00335-JD |
| Marissa Brown, <br><br> Plaintiff, <br><br> v. <br><br> Fluor Intercontinental, Inc., et al., <br><br> Defendants. | C/A No.: 6:21-cv-01427-JD |
| Shelby Iubelt, individually, on behalf of the Estate of Tyler Iubelt, and as next friend of V.I., minor, <br><br> Plaintiff, <br><br> v. <br><br> Fluor Intercontinental, Inc., et al., <br><br> Defendants. | C/A No.: 6:21-cv-01420-JD |
| Lakeia Stokes, <br><br> Plaintiff, <br><br> v. <br><br> Fluor Intercontinental, Inc., et al., <br><br> Defendants. | C/A No.: 6:21-cv-01086-JD |

| | |
|---|---|
| Maggie Bilyeu, <br><br>         Plaintiff, <br><br>    v. <br><br> Fluor Intercontinental, Inc., et al., <br><br>         Defendants. | C/A No.: 6:21-cv-01078-JD |
| Addie Ford, <br><br>         Plaintiff, <br><br>    v. <br><br> Fluor Intercontinental, Inc., et al., <br><br>         Defendants. | C/A No.: 6:21-cv-01159-JD |
| Marvin Branch, <br><br>         Plaintiff, <br><br>    v. <br><br> Fluor Intercontinental, Inc., et al., <br><br>         Defendants. | C/A No.: 6:21-cv-01083-JD |
| Julianne Perry, individually, on behalf of the Estate of John Perry, and as next friend of L.P. and G.P., minors, <br><br>         Plaintiff, <br><br>    v. <br><br> Fluor Intercontinental, Inc., et al., <br><br>         Defendants. | C/A No.: 6:21-cv-01250-JD |

| | |
|---|---|
| Haylee Rodriguez,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Fluor Intercontinental, Inc., et al.,<br><br>　　　　Defendants. | C/A No.: 6:21-cv-01084-JD |
| India Sellers,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Fluor Intercontinental, Inc., et al.,<br><br>　　　　Defendants. | C/A No.: 6:21-cv-01085-JD |
| Samuel Gabara,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Fluor Intercontinental, Inc., et al.,<br><br>　　　　Defendants. | C/A No.: 6:21-cv-01007-JD |
| Chris Colavita,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Fluor Intercontinental, Inc., et al.,<br><br>　　　　Defendants. | C/A No.: 6:21-cv-01017-JD |

| | |
|---|---|
| Robert Healy, | C/A No.: 6:21-cv-01018-JD |
|       Plaintiff, | |
|   v. | |
| Fluor Intercontinental, Inc., et al., | |
|       Defendants. | |

**THE PARTIES' JOINT STATUS REPORT**

The parties jointly provide this status report. In two separate orders dated January 6, 2022, the Court first denied Defendants' Rule 12(b)(1) motion to dismiss (ECF 93), and then directed the parties "to meet and confer and to thereafter file a joint status report on or before January 17, 2022, regarding the parties' respective positions on whether the consolidated cases should be stayed pending the Fourth Circuit Court of Appeals ruling on the Notice of Appeal filed at Docket Entry 179 in *Hencely v. Fluor Corporation, et al.*, Case Number 6:19-cv-00489-BHH, since the Court notes that it previously denied, without prejudice and pending its decision in [93], motions substantially similar to several orders on appeal in *Hencely*." *See* ECF 94.

In accordance with the Court's directive, the parties conferred regarding the question of whether these consolidated cases should be stayed. The parties disagree on this issue. Defendants ("Fluor") believe a stay is warranted. Plaintiffs do not believe a stay is warranted. The parties have set forth their respective positions below in separate sections.

In addition, the parties note that the current status of the *Hencely* appeal is as follows. Briefing in *Hencely* was completed on January 13, 2022. The Fourth Circuit has tentatively scheduled oral argument during the March 8-11, 2022 argument session.

## PLAINTIFFS' POSITION

Plaintiffs' position is as follows:

Plaintiffs' counsel met by phone with defense counsel to discuss the path forward for these cases in light of this Court's recent ruling. It is Plaintiffs' position that a stay of this matter, pending appeal of the *Hencely* case, is unwarranted. As an initial matter, the incident giving rise to these cases occurred in November 2016 and Plaintiffs have waited quite some time for their day in court. Additionally, Plaintiffs assert that a stay will (1) substantially prejudice the Plaintiffs, (2) only benefit the Defendants, and (3) not promote judicial economy. Rather than a stay, Plaintiffs instead seek entry of a docket control order and trial date so that these cases can proceed without undue

1

delay.

## I.   This Case should Not be Stayed Pending Resolution of the *Hencely* Action.

Plaintiffs will not insult this Court by arguing that the facts and issues in this case are so dissimilar to those of *Hencely* that an appellate ruling in that case is irrelevant to the one before this Court. However, a finding in favor of the Defendants in the *Hencely* action, although certainly persuasive, is not binding on the parties in this case. Therefore, even if the defendants in the *Hencely* case prevail in the Fourth Circuit, nothing precludes Plaintiffs from attempting to distinguish the *Hencely* case from the case at bar.

## II.   Legal Standard

Courts generally consider the following factors when deciding whether to stay legal proceedings: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the case is in fact stayed. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Furthermore, the party seeking a stay must make out a clear case of hardship or inequity outweighing the potential harm that may come to the other party *Id.* The Defendants here cannot meet this burden to justify granting a stay.

### A.   A Stay Would Substantially Prejudice the Plaintiffs.

The potential prejudice to the Plaintiffs by granting a stay greatly outweighs any potential prejudice to the Defendants if a stay is denied. Oral arguments in *Hencely* are scheduled to be heard in March 2022, and it is unknown how long it will take after oral arguments for the appellate court to issue a ruling. Indeed, any stay would essentially be indefinite; such legal limbo prejudices the Plaintiffs. In this case, five depositions have been taken; however, many more are needed. The longer it takes to question key witnesses, the more difficult it is to get meaningful testimony. Memories fade, witnesses disappear—time is simply not on the side of the Plaintiffs, who need to

progress the case in order to preserve testimony and key evidence.

### B. There Is No Hardship and Inequity to the Defendants If the Action Is Not Stayed.

A party must make out a clear case of hardship or inequity to obtain a stay. *Landis*, 299 U.S. at 255. In pursuing a stay, suppliants "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.* At this stage of litigation, Defendants are not likely to suffer any hardships or inequities if the Court denies a stay. It is well-established that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer v. Mirant Corp*, 398 F.3d 1098, 1112 (9th Cir. 2005). The only hardship Defendants can possibly identify is that they are facing a similar action by another Plaintiff, in a separate case. That alone is simply insufficient to warrant a stay.

### C. Judicial Economy Favors Denying a Stay

It is important to note that any argument contending that judicial economy favors a stay presupposes that the Court in this case was wrong in denying Defendants' efforts at dismissal. There can be no doubt that if the Fourth Circuit disagrees with this Court and holds that dismissal in *Hencely* was warranted, then the time and money spent conducting discovery in this case will have been for naught. Plaintiffs respectfully suggest, however, that such is the situation in any case where the defendant believes it has a legal silver bullet warranting dismissal. That does not mean, though, that in every such case discovery should stop until an appellate court weighs in. More importantly—and the more likely scenario—is that both district courts that have denied dismissal are correct, and if a stay is issued, Plaintiffs will have suffered what is likely at least another year's delay, and this case would have languished unnecessarily on the Court's docket. Such a delay can only benefit the Defendants. Accordingly, even if imposing a stay would preserve judicial

3

resources, that does not outweigh the remaining *Landis* factors and, under the circumstances, is an inadequate reason to impose a stay that would harm Plaintiffs without any clear hardship shown by the Defendants.

Additionally, a stay would deny the Plaintiffs their right to have their claims resolved without unnecessary delay. *See, e.g.*, Fed. R. Civ. P. 1 (promoting "the just, speedy, and inexpensive determination of every action and proceeding"). It is hardly in the interest of justice to inform Plaintiffs that after nearly five years of litigation, their case will not proceed until all chances of appeal are exhausted in a separate case.

For all the above reasons, Plaintiffs request that the Court deny a stay and allow Plaintiffs to proceed with their case against Defendants.

## FLUOR'S POSITION

Fluor's position is as follows:

These consolidated cases should be stayed pending the Fourth Circuit's ruling in *Hencely*, which arises from the same events at issue here and raises identical legal issues. Staying these cases is in the interests of judicial economy and would avoid unnecessary expenditure of time and resources by the Court and parties, as well as the U.S. Military.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Courts have exercised this discretion to stay where, as here, proceeding "would result in simultaneous litigation of the same issues," and resolution of issues by another court "would be binding on this court and can preclude [a plaintiff] from asserting the same claims." *See Whitt v. Seterus, Inc.*, No. CV 3:17-1753-MBS, 2018 WL 1090001, at *5 (D.S.C. Feb. 28, 2018); *see also Timms v. USAA Fed. Sav. Bank*, No.

4

3:18-CV-01495-SAL, 2020 WL 12618897, at *17 (D.S.C. Aug. 20, 2020) (issuing stay in light of Supreme Court granting certiorari regarding same issue, and holding: "A stay would avoid additional inconsistent rulings and contribute to the interests of justice and efficiency.").

    **A.**    **Judicial Economy Strongly Favors a Stay Because These Suits Arise From Identical Facts and Raise Identical Legal Issues As Those Currently Pending Before the Fourth Circuit.**

It is undisputed that *Hencely* and these consolidated cases arise from the same set of operative facts and involve identical legal issues. Plaintiffs acknowledged that *Hencely* involves the same facts and same defenses when they refiled their claims in this Court and designated their cases as "related" to *Hencely* under the Local Rules. *See*, *e.g.*, ECF 3 (Plaintiff Tangen's submission under Local Rule 26.01). As Plaintiffs noted, these cases "involve[] the same defendants named in the *Hencely* matter and arise[] from the same event—both Mr. Hencely's claims and Plaintiff[s'] claims here arise from the same explosion at Bagram Air Force Base in Afghanistan." *Id*. Plaintiffs also correctly "anticipate[d] that Defendants in this matter will raise the same arguments and [defenses] raised by Defendants in the *Hencely* matter." *Id*. Further, in opposing Fluor's Rule 12(b)(1) motion based on the political question doctrine, Plaintiffs argued that this Court should follow Judge Hendricks' ruling in *Hencely*—a ruling that is now being considered by the Fourth Circuit as part of the *Hencely* appeal. *See* ECF 84 at 12-14.

In fact, the *Hencely* appeal presents the Fourth Circuit with at least three issues which, as the Court has acknowledged, have been presented to this Court already or will be presented to this Court should these cases proceed: (1) whether tort claims arising from the same events at issue here are preempted based on the Federal Tort Claims Act's ("FTCA") "combatant activities" exception; (2) whether a breach-of-contract claim arising from the same events at issue here fails as a matter of law because the government contract at issue here does not confer the exceptional status of a third-party beneficiary upon U.S. soldiers such as Plaintiffs; and (3) whether claims

5

arising from the same events at issue here raise nonjusticiable political questions. *See Hencely v. Fluor Corp.*, No. 21-1994 (4th Cir.), ECF 37 at 4 (Dec. 16, 2021).

The Fourth Circuit's disposition of *Hencely* will be binding precedent on this Court and could necessitate dismissal or, at the very least, materially impact whether and how this litigation can proceed. *Hencely* is fully briefed and tentatively scheduled for oral argument in early March. The Fourth Circuit is likely to rule within a matter of months thereafter. Whatever the Fourth Circuit's ruling is, that decision will be highly instructive to this Court and will, at a minimum, provide guidance as to the overall management of this proceeding, including whether these cases can proceed and, if so, whether any discovery is warranted (and what the contours of any such necessary discovery should be).

### B. Moving Forward with This Litigation Would Cause Prejudice and Impose Unnecessary Burdens on the Court, the Parties, and the U.S. Military.

If the Court elects not to stay these cases, Fluor would then refile motions to dismiss under Rule 12(b)(6) on grounds that: (1) Plaintiffs' claims are preempted based on the FTCA's "combatant activities" exception; (2) the Army has refused to release essential classified information, which renders it impossible to conduct meaningful discovery and to fairly litigate these suits; (3) Plaintiffs' breach-of-contract claims fail as a matter of law because Plaintiffs are not third-party beneficiaries to the government contract at issue; (4) all Plaintiffs except one are collaterally estopped from re-litigating subject matter jurisdiction based on the *Loquasto* litigation; and (5) several of Plaintiffs' claims are time-barred. Fluor previously filed these motions and the Court denied them "without prejudice and with leave to refile pending disposition of [ECF 67] Defendants Rule 12(b)(1) motion to dismiss," which has now been resolved. *See* ECF 70.

Litigating these issues in parallel with the Fourth Circuit's consideration of identical issues would not only be patently wasteful, *see supra*, but also unduly burdensome on the Court and the

6

parties, and inequitable to Fluor. Of note, Fluor has already expended significant time and resources successfully defending identical claims brought by Plaintiffs in a separate forum, *see Loquasto v. Fluor Corp.*, 512 F. Supp. 3d 728 (N.D. Tex. 2021).

In addition, any attempt to conduct discovery in these cases would impose substantial burdens on the U.S. Military and would implicate sensitive classified information related to national defense and foreign affairs. In fact, if these cases proceed, they would run directly into the "major hurdle," acknowledged by Judge Hendricks, created by the Army's refusal to release classified information. In *Hencely*, Fluor filed a motion based on the absence of core classified information—the same motion that this Court would need to address. That issue was the subject of an extensive hearing before Judge Hendricks. Judge Hendricks did not resolve the issue, electing instead to dismiss the suit on separate grounds. Nonetheless, Judge Hendricks emphasized that further litigation would likely be impossible due to the absence of essential classified information. As Judge Hendricks noted: "suffice it to say that, were this case to continue in the absence of preemption, the withholding of classified information central to material questions of causation would present a major hurdle, if not a prohibitive event, to the resolution of this matter on the merits." *Hencely v. Fluor Corp.*, 2021 WL 3568397, at *4 n.8 (D.S.C. Aug. 11, 2021). The same is true here. The Court can avoid confronting that major hurdle, perhaps permanently, by staying the case pending the Fourth Circuit's ruling.

### C. The Interests of Justice and Efficiency Far Outweigh Any Purported Prejudice From A Modest Delay In These Proceedings.

Plaintiffs already had their day in court. Plaintiffs originally filed their claims in early 2019 in the Northern District of Texas. Plaintiffs had the opportunity to fully and fairly litigate their claims in Texas, including broad discovery. In January 2021, the Texas district court dismissed their claims. Rather than appealing those claims, Plaintiffs deliberately attempted to link their

7

claims to the *Hencely* case in this Court by refiling identical claims here and designating *Hencely* as a related case. In light of this procedural history, including Plaintiffs' transparent forum-shopping, Plaintiffs cannot credibly claim prejudice based on a modest delay.

        Respectfully submitted,

        NEXSEN PRUET, LLC

        s/Andrew A. Mathias
        William W. Wilkins, Fed. ID No. 4662
        Andrew A. Mathias, Fed. ID No. 10166
        Konstantine P. Diamaduros, Fed. ID No. 12368
        104 South Main Street, Suite 900 (29601)
        Post Office Box 10648
        Greenville, South Carolina 29603-0648
        Telephone: 864.370.2211
        Facsimile: 864.282.1177
        BWilkins@nexsenpruet.com
        AMathias@nexsenpruet.com
        KDiamaduros@nexsenpruet.com

        TREY GOWDY LAW FIRM, LLC

        Harold Watson Gowdy, III, Fed. ID No. 5675
        Post Office Box 3324
        Spartanburg, South Carolina 29304
        Telephone: 864.809.0917
        trey@treygowdylawfirm.com

        HARTLINE BARGER LLP

        Darrell L. Barger (*admitted pro hac vice*)
        1980 Post Oak Blvd.
        Suite 1800
        Houston, Texas 77056
        Telephone: 713.759.1990
        Facsimile: 713.652.2419
        dbarger@hartlinebarger.com

        J. Reid Simpson (*admitted pro hac vice*)
        800 N. Shoreline Blvd.
        Suite 2000, North Tower

Corpus Christi, Texas 78401
Telephone: 361.866.8000
Facsimile: 361.866.8039
rsimpson@hartlinebarger.com

COVINGTON & BURLING LLP
Raymond B. Biagini (*admitted pro hac vice*)
Daniel L. Russell Jr. (*admitted pro hac vice*)
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: 202-662-6000
Facsimile: 202-662-6291
RBiagini@cov.com
DRussell@cov.com

*Attorneys for Defendants Fluor Intercontinental, Inc., and Fluor Government Group International, Inc.*


*/s/ John B. White, Jr.*
John B. White, Jr. (Fed. ID No. 04619)
Griffin L. Lynch (Fed. ID No. 09580)
Marghretta H. Shisko (Fed. ID No. 11601)
HARRISON WHITE, P.C.
178 West Main
Street P.O. Box 3547 (29304)
Spartanburg, SC 29306
(864) 585-5100
jwhite@spartanlaw.com
glynch@spartanlaw.com
mshisko@spartanlaw.com

Anthony G. Buzbee
Texas Bar No. 24001820
tbuzbee@txattorneys.com
THE BUZBEE LAW FIRM
JPMorgan Chase Tower
600 Travis, Ste. 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Fax: (713) 223-5909
*Admitted Pro Hac Vice*

9

        David George
        Texas Bar No. 00793212
        BAKER • WOTRING LLP
        700 JPMorgan Chase Tower
        600 Travis Street
        Houston, Texas 77002
        Telephone: (713) 980-1700
        Facsimile: (713) 980-1701
        dgeorge@bakerwotring.com
        *Pro Hac Vice Motion Forthcoming*

        ATTORNEYS FOR PLAINTIFFS

January 17, 2022
Greenville, South Carolina

10